The STATE of Ohio, Appellee,

v.

HATFIELD, Appellant.

[Cite as *State v. Hatfield,* 148 Ohio App.3d 316, 2002-Ohio-3598.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA2001-10-075.

Decided July 15, 2002.

Donald W. White, Clermont County Prosecuting Attorney, and David H. Hoffmann, Assistant Prosecuting Attorney, for appellee.

R. Daniel Hannon, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

WILLIAM W. YOUNG, Judge.

{¶ 1} Defendant-appellant, Christopher Ray Hatfield, pled guilty to one count each of aggravated burglary in violation of R.C. 2911.11(A)(1) and aggravated robbery in violation of R.C. 2911.01(A)(1), both first-degree felonies, after he and a juvenile accomplice broke into a Clermont County residence, threatened and terrorized the homeowner, and removed a safe. In exchange for appellant's plea, the state dismissed additional felony charges of safecracking, kidnapping, and robbery. Appellant received consecutive sentences of seven years on each count, which he now appeals, raising the following assignments of error:

### Assignment of Error No. 1

{¶ 2} "The trial court erred when it sentenced the appellant to serve consecutive terms of imprisonment."

Assignment of Error No. 2

{¶ 3} "The trial court erred when it failed to sentence the appellant to the shortest prison term and such sentence is contrary to law."

{¶ 4} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); *State v. Garcia* (1998), 126 Ohio App.3d 485, 487, 710 N.E.2d 783. Clear and convincing evidence is that evidence which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id.

{¶ 5} The applicable record to be examined by a reviewing court includes the presentence investigative report, the trial court record in the case in which the sentence was imposed, and any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).

{¶ 6} A trial court may impose consecutive sentences only if it makes certain findings. R.C. 2929.14(E)(4). First, the court must determine that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(E)(3); *State v. Long* (Apr. 30, 2001), Fayette App. No. CA2000–09–022, 2001 WL 433371. Second, the trial court must find at least one of the factors listed in R.C. 2929.14(E)(4):

{¶ 7} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 8} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 10} In addition, R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons on the record when imposing consecutive sentences. *State v. Jones* (2001), 93 Ohio St.3d 391, 399, 754 N.E.2d 1252.

{¶ 11} The record reveals that appellant and his juvenile companion forced their way into the residence while the victim and her teenage daughter were inside. Appellant demanded money and restrained the victim by forcing her into

a bathroom.  The victim made a statement at appellant's sentencing hearing in which she told the court:

{¶ 12}  "The attack was very violent, not knowing what they would do to me and, if they would find my child, what they would do to her.  I was so scared and helpless when they held me against my will in the bathroom.  * * * I yelled and I kicked and I screamed the hardest I ever screamed in my life.  This is like a nightmare that will never go away.  My daughter and I have gone through counseling, which isn't helping.

{¶ 13}  "Christopher Hatfield knew exactly what he was doing.  It was well-planned.  He brought two-way radios, meat for my dog, duct tape to tie me up.  I thought in my mind that day that he was going to kill me.  He kept repeatedly telling me he was going to kill me and threatening me, saying that he had a gun.  This terrible act of violence has changed my life, the way of living.  I no longer have the security I once had."

{¶ 14}  The trial court commented that consecutive sentences were necessary because a single sentence would be insufficient to protect the public from appellant and would not adequately punish appellant.  The trial court also noted that consecutive sentences were not disproportionate to the seriousness of appellant's conduct or to the danger he posed to the public.  According to the trial court, a single prison term did not adequately reflect the seriousness of appellant's conduct.  Finally, the trial court observed that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him.[1]

{¶ 15}  Having reviewed the transcript of appellant's sentencing hearing, the presentence investigative report, the trial court's record, and the oral or written statements made to or by the court at the hearing, we conclude that the record herein adequately demonstrates compliance with the statutory require- ments necessary to impose consecutive sentences and that the trial court's decision to impose consecutive terms is supported by clear and convincing evidence.  *State v. Garcia.*  For these reasons, appellant's first assignment of error is overruled.

{¶ 16}  The argument presented in the second assignment of error claims that the trial court was obligated to impose the minimum sentence because appellant had not served a prior prison term.  The minimum prison term for a first-degree felony is three years.  R.C. 2929.14(A)(1).  Appellant received a seven-year term for each of his two first-degree felony offenses.

---

1.  Appellant was on probation for a prior burglary of a residence at the time he committed this offense.

{¶ 17} Generally, the trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record that a minimum sentence either would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B).

{¶ 18} When a court imposes a prison term greater than the minimum, it need not specify its underlying reasons on the record. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found that either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum. Id.; *State v. Briscoe*, Butler App. No. CA2001–05–130, 2002–Ohio–1910, 2002 WL 649363.

{¶ 19} The trial court noted that the victim and her daughter had suffered serious psychological harm as a result of appellant's conduct. The court also considered the serious nature of appellant's home invasion and concluded that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant. We find that the trial court's decision to deviate from the minimum prison term was supported by the record, and that the court engaged in the necessary analysis under R.C. 2929.14(B) to warrant the imposition of a term greater than the three-year minimum.

{¶ 20} For these reasons, appellant's second assignment of error is overruled.

Judgment affirmed.

WALSH, P.J., and POWELL, J., concur.